THOMAS WARREN *et al. v.* THOMAS R. SMITH *et al.*

SUPERSEDEAS. *Motion to discharge.* A motion will not lie to discharge a *supersedeas* granted by one of the judges of this court, under the Code, sec. 3173, superseding the execution of a judgment brought up by a writ of error, where the only ground for the motion is that the judgment below was correct.

FROM SHELBY.

Motion.

GEORGE GILLHAM for motion.

T. B. TURLEY against motion.

COOPER, J., delivered the opinion of the court.

The bill in this case was filed to enjoin the sale of certain leasehold property conveyed by complainants to one of the defendants in trust to secure a debt due to the other defendants. The injunction bond given by the complainants upon obtaining a fiat for the injunction, was executed by William Warren as surety. On final hearing, the bill was dismissed and the injunction dissolved. The defendants moved for a judgment on the injunction bond, and the damages having been ascertained upon a reference, the court rendered a judgment against Thomas Warren and his surety, William Warren, for $500, the penalty of the bond, and for an additional sum against Thomas Warren. These defendants have brought the case to this court by writ of error, and the defendant William Warren also obtained from one of the judges of this court an order for a *supersedeas*, under which the execution of the judgment against him was superseded. The defendants, in whose favor the judgment was rendered, have now moved the court to discharge the *supersedeas*.

The only argument submitted in support of this motion is one addressed to the merits of the case,— that the judgment below was correct, and that the appellant is not entitled to any relief. The preliminary question, whether the court can decide the merits upon a motion, is entirely pretermitted.

If the defendants had taken an appeal, which would have operated as a *supersedeas*, it is very clear that

Warren *v.* Smith.

there could have been no hearing on the merits in this court until the cause was regularly reached on the docket, unless it fell within the class of unlitigated cases and was put upon that docket, and called in its order. By the Code, sec. 3178, a writ of error does not supersede the execution of a judgment, unless a judge of this court is of opinion, from inspecting the record, that there is error, and shall order a *supersedeas* to issue. The record in this case was inspected by a judge of this court, and he was of opinion that there was error and ordered the *supersedeas* to issue. He exercised a power expressly conferred upon him by statute, and there is no provision to revise his action by any other judge or by the court. And it is obvious that the court could only reverse what had been done by deciding that there was no error in the record, which would be to determine the cause upon its merits. The result would follow either that the case would be finally disposed of on motion, or twice heard on the merits, once on motion and again when regularly reached on the docket. There ought to be only one hearing of a case on its merits : *Hume* v. *Commercial Bank*, 1 Lea, 220. And there is no law or practice which justifies a departure from the rule in a case like the one before us. The point was so ruled at this place in 1875 in *Ryan* v. *Keith*, MS. opinion by Nicholson, C. J., and there have been other unreported decisions to the same effect.

Motion refused.